**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HATTIE FOSTER DAVIDSON,
Plaintiff-Appellant,

v.

No. 97-1312

WILLIAM J. PERRY, Secretary,
Department of Defense (Office of
Dependents Education),
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, District Judge.
(CA-96-637-A)

Submitted: December 9, 1997

Decided: January 14, 1998

Before HALL, WILKINS, and NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Sidney L. Gold, LOVITZ & GOLD, P.C., Philadelphia, Pennsylvania;
Drewery B. Hutcheson, Jr., Alexandria, Virginia, for Appellant.
Helen F. Fahey, United States Attorney, Jeri Kaylene Somers, Assis-
tant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Hattie Foster Davidson appeals from the district court's order, fol-
lowing a bench trial, finding in favor of the Defendant on Davidson's
complaint filed pursuant to the Rehabilitation Act of 1973, 29
U.S.C.A. §§ 701-797b (West 1985 & Supp. 1997), and its order deny-
ing her motion for a new trial. She asserts that the district court erred
by finding that she did not prove by a preponderance of the evidence
that she was illegally discriminated against because of her disability.
Finding no error, we affirm.

Davidson, who has asthma, worked as a special education teacher
in the Department of Defense school system in Germany from 1978
until she was terminated in 1994. Beginning in the fall of 1992, other
teachers and parents advised school officials that they had concerns
about Davidson's performance. Despite counseling sessions and assis-
tance from teachers and administrators, Davidson's performance
failed to improve, and she received an unsatisfactory performance
appraisal. Davidson continued to receive counseling and assistance
during the summer of 1993 and 1993-94 school year. However, she
still failed to meet the standards in two critical performance areas.
Davidson and school officials reached an agreement in January 1994
in which Davidson was given a new first-line supervisor and placed
on a probationary status for forty-five days. Officials eventually
extended the probationary period for another thirty days, but David-
son still failed to perform in a satisfactory manner. According to the
terms of the agreement, Davidson was terminated in the summer of
1994. At no point did Davidson attribute her poor performance to
asthma.

To establish a prima facie case of discrimination, Davidson must
prove: (1) that she has a disability; (2) that she was otherwise quali-
fied for the position; and (3) that the Defendant discharged her solely

2

because of the disability. <u>See Shafer v. Preston Mem'l Hosp. Corp.</u>, 107 F.3d 274, 276 (4th Cir. 1997). The district court found that Davidson was disabled due to her asthma, but it found that she failed to prove by a preponderance of the evidence that she was otherwise qualified for the position or that her disability was the sole reason for her discharge. We find that the district court's decision is supported by the record and not clearly erroneous.

An "otherwise qualified individual" is defined as someone with a disability who can perform the essential functions of the job with or without reasonable accommodation. <u>See</u> 29 C.F.R. § 1614.203(a)(6) (1997). The overwhelming evidence at trial showed that Davidson could not satisfy this element. Despite numerous counseling sessions and extensive assistance from other teachers and school officials, she was unable to meet the objective standards in one critical performance area. Parents also registered complaints concerning the quality of education their children were receiving. As a result, the record supports the court's finding that Davidson was not "otherwise qualified" for the position.

The weight of the evidence also supports the finding that Defendant did not discharge Davidson solely because of her disability. Since the record shows that Davidson did not inform school officials that her poor performance was related to her asthma, the district court properly found that Davidson was discharged due to poor job performance and not her disability. In fact, several witnesses testified that they did not know Davidson even suffered from asthma.

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3